[L. A. No. 25598.   In Bank.   Feb. 26, 1960.]

VIRGINIA LAMBERT, Appellant, v. MUNICIPAL COURT
OF LOS ANGELES COUNTY, Respondent.

Samuel C. McMorris for Appellant.

A. L. Wirin, Fred Okrand, Norman G. Rudman and Edward Mosk as Amici Curiae on behalf of Appellant.

Harold W. Kennedy, County Counsel, Donald K. Byrne, Deputy County Counsel, and William E. Doran, Deputy City Attorney, for Respondent.

PETERS, J.—By this petition appellant seeks a writ of prohibition from the superior court directed to the Municipal Court of the Los Angeles Municipal District, restraining that court from proceeding with her trial on charges of violating sections 52.38 to 52.43 of the Municipal Code of the City of Los Angeles. The enumerated sections comprise a criminal registration ordinance, and are the identical sections held to be unconstitutional in the case of *Abbott* v. *City of Los Angeles*, *ante*, p. 674 [3 Cal.Rptr. 158, 349 P.2d 974] (L. A. 25657) decided today.

Appellant was originally tried and convicted in the respondent court for failure to register under the provisions of the ordinance, and her conviction was affirmed by the ap-

pellate department of the superior court. The United States Supreme Court granted certiorari. In *Lambert* v. *California,* 355 U.S. 225 [78 S.Ct. 240, 2 L.Ed.2d 228], that court reversed that conviction on the ground that Lambert was denied the opportunity to prove lack of knowledge of the requirement to register. The United States Supreme Court expressly refrained from passing upon appellant's claim that the statute was unconstitutional *per se,* leaving that question for the determination of the state courts.

After remand from the United States Supreme Court, the municipal court (respondent herein) ordered a new trial. Thereupon appellant filed the instant petition for prohibition, urging that the ordinance is unconstitutional *per se* in several respects. She also contends that the decision of the United States Supreme Court bars further trial in her case. Because of our determination on the question of constitutionality, the latter point has become moot.

Prohibition is the proper remedy in the situation here presented (*Kelly* v. *Municipal Court,* 160 Cal.App.2d 38, 46 [324 P.2d 990]).

The decision of this court in *Abbott* v. *City of Los Angeles, supra,* this day decided, determines all points here relevant. The ordinance in question contravenes the provisions of section 11 of article XI of the Constitution of the State of California in that it is in conflict with state legislation that already occupies the same field. On the authority of the Abbott case the judgment is reversed with instructions to the trial court to issue the writ as prayed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., McComb, J., and Tobriner J. pro tem.,* concurred.

Respondent's petition for a rehearing was denied March 23, 1960. Tobriner, Judge pro tem.,* participated therein in place of White, J., who deemed himself disqualified.

---

*Assigned by Chairman of Judicial Council.