Virginia Ann LAMBERT, Appellant,

v.

R. B. CONRAD, W. O. Nesbitt, R. P. Gibson, Does I through XX, Appellees.

No. 17622.

United States Court of Appeals
Ninth Circuit.

Sept. 24, 1962.

S. Carter McMorris, Sacramento, Cal., for appellant.

Roger Arnebergh, City Atty., William B. Burge, and Arthur Honda, Deputy City Attys., Los Angeles, Cal., for appellees.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM.

This appeal is from an order dismissing an action as barred by the statute of limitations. The complaint alleges a civil conspiracy under the Civil Rights Act. 42 U.S.C.A. §§ 1983, 1985. The applicable period of limitation is three years. California Code of Civil Procedure, § 338(1); Smith v. Cremins, 9 Cir., 308 F.2d 187. The last possible date from which the period could have commenced to run was that of "the last overt act alleged from which damage could have flowed * * *." Hoffman v. Halden, 268 F.2d 280, 303 (9th Cir. 1959) (issue not affected by Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). The last overt act alleged was the filing by appellee police officers of a charge against appellant for failure to register as a convicted felon as required by Sections 52.38 to 52.43 of the Municipal Code of the City of Los Angeles. The records of other courts in related proceedings, which we may notice for this purpose (St. Paul Fire & Marine Ins. Co. v. Cunningham, 257 F.2d 731 (9th Cir. 1958), conclusively establish that this act occurred more than three years prior

to the filing of the present complaint. See Lambert v. People of State of California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed. 2d 228 (1957); Lambert v. Municipal Court of Los Angeles County, 53 Cal.2d 690, 3 Cal.Rptr. 168, 349 P.2d 984 (1960), vacating 343 P.2d 81, which vacated 334 P.2d 605. "[S]ince injury and damage can only flow from overt acts," the complaint is not saved by a general allegation that the conspiracy continued to a date within the limitations period. Hoffman v. Halden, supra, 268 F.2d at 303.

Affirmed.