Gerald **BERGSCHNEIDER**, Appellant,

v.

**Richard P. DENVER, Respondent.**

No. 71–1127.

United States Court of Appeals,
Ninth Circuit.

Aug. 13, 1971.

Gerald Bergschneider in pro. per.

George J. Franscell, Asst. City Atty., Thomas B. Cummings, Deputy City Atty., Los Angeles, Cal., for respondent.

Before KOELSCH, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

The district court dismissed plaintiff's action on the ground that plaintiff's amended complaint showed on its face that suit on the claim was barred by limitations.

The purported claim is one under the Civil Rights Act and is based upon an alleged civil conspiracy entered into by defendant with several others. The statute of limitations applicable to such claim is Cal.Civ.Proc. 338, subd. 1 [Donovan v. Reinbold, 433 F.2d 738 (9th Cir. 1970)], which provides that an action must be commenced within three years from the claim's accrual. This court has held in conspiracy cases that a statute of limitations starts to run on the date of the last overt act alleged to have caused the complainant injury. Lambert v. Conrad, 308 F.2d 571 (9th Cir. 1962); Hoff-

man v. Halden, 268 F.2d 280 (9th Cir. 1959). In this case that date was September 5, 1965.

 True, plaintiff did not commence this action until January 17, 1969—well beyond the three year period. But plaintiff, in his amended complaint, made allegations to the effect that on September 5, 1965—the date the claim accrued—he was, and thereafter remained, until March 23, 1966, continuously imprisoned in execution of the sentence of a criminal court. By virtue of Cal.Code Civ. Proc. § 352, subd. 3 the statute of limitations was tolled during that period. Ney v. California, 439 F.2d 1285 (9th Cir. 1971). Thus, plaintiff's allegations affirmatively showed that the action was not barred; the court should not have dismissed it.[1]

The judgment is reversed and the cause is remanded for further proceedings.

Thomas Silfen (argued), NLRB, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., for petitioner.

David S. Bradshaw (argued), Don T. Hibner, of Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for respondent.

Before CHAMBERS and HUFSTEDLER, Circuit Judges, and THOMPSON,* District Judge.

---

1. Defendant's contention that no civil rights claim is stated was not presented to the district court; we therefore express no opinion on its merits.