Juan Francisco VENEGAS,
Plaintiff-Appellant,

v.

Kenneth B. WAGNER, James A. Borsos, John R. Prchal, Ronnie J. Skaggs, Carthel S. Roberson, Douglas E. Bostard, Robert M. Bell and Michael Z. Whelan, Defendants-Appellees.

No. 81–5696.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1982.

Decided April 28, 1983.

Leta Schlosser, Greene, O'Reilly, Agnew & Broillet, Los Angeles, Cal., for plaintiff-appellant.

Robert E. Shannon, Long Beach, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, TANG and FARRIS, Circuit Judges.

PER CURIAM:

The district court dismissed Venegas' civil rights claim as barred by the statute of limitations. We reverse.

Viewed in the light most favorable to Venegas, the facts are as follows. Juan Venegas and Lawrence Reyes were arrested on December 25, 1971, by police officer defendants Borsos and Wagner and charged with murder. Venegas' arrest was without probable cause. That same day, defendant Officer Prchal prepared a crime report falsely implicating Venegas in the murder. Defendants allowed exculpatory evidence to deteriorate. On various occasions between December 1971 and July 1972, defendants met with three potential trial witnesses and coerced them into giving false evidence against Venegas.

Trial was held July 13, 1972, through July 17, 1972. At trial, defendants and the three witnesses testified falsely against Venegas. On July 17, 1972, the jury returned a guilty verdict. The following day the court denied Venegas' motion for a mistrial, entered the verdict, revoked bail, and ordered Venegas returned to custody. On November 22, 1972, the court denied Venegas' motion for a new trial and sentenced him to state prison for life.

On September 17, 1974, the California Supreme Court reversed the conviction on direct appeal because of insufficient evidence of guilt. *People v. Reyes,* 12 Cal.3d 486, 496–500, 526 P.2d 225, 231–33, 116 Cal. Rptr. 217, 223–25 (1974). Venegas was imprisoned from the time of his conviction until October 28, 1974, when he was released pursuant to the California Supreme Court decision.

On October 28, 1977, Venegas filed this action under 42 U.S.C. §§ 1983 and 1985(3). Defendants moved for summary judgment asserting the action was barred by the statute of limitations. The district court held that under *Strung v. Anderson,* 452 F.2d 632 (9th Cir.1971), and *Bergschneider v. Denver,* 446 F.2d 569 (9th Cir.1971), a cause of action for conspiracy to violate civil rights accrues upon the occurrence of the last overt act of the conspirators alleged to have caused damage, and in this case the last such act occurred on July 13, 1972, when the last false testimony was given against Venegas. Even assuming the statute was tolled during Venegas' incarceration, more than three years expired before the complaint was filed.

The parties agree the applicable statute is Cal.Civ.Proc.Code § 338(1) (West 1982), providing that "[a]n action upon a liability created by statute" must be commenced within three years after the claim accrues. *Briley v. California,* 564 F.2d 849, 854 (9th Cir.1977); *Smith v. Cremins,* 308 F.2d 187, 189–90 (9th Cir.1962); *Bergschneider,* 446 F.2d at 569. The parties differ as to when Venegas' claim accrued—a question of federal law. *Boag v. Chief of Police,* 669 F.2d 587, 588 (9th Cir.1982); *Gowin v. Altmiller,* 663 F.2d 820, 822 (9th Cir.1981).

This court applied the "last overt act" test in determining when a cause of action for a conspiracy to deny civil rights accrued in *Bergschneider,* 446 F.2d at 569; *Lambert v. Conrad,* 308 F.2d 571 (9th Cir.1962); and *Gowin,* 663 F.2d at 822. *See also Strung,* 452 F.2d at 633. The wrongful conduct alleged in these cases consisted of discrete acts completed prior to trial, such as filing charges under an unconstitutional statute (*Lambert*); unlawful search and seizure (*Strung*); and false arrest and filing of a groundless criminal complaint (*Gowin*). None involved alleged denial of a fair trial resulting in wrongful conviction and imprisonment.

■ We have not applied the "last overt act" test in cases alleging conduct tainting or distorting the integrity of the truth finding process and thus denying a fair trial. *See Cline v. Brusett,* 661 F.2d 108, 110–12 (9th Cir.1981); *Ney v. California,* 439 F.2d 1285, 1287 (9th Cir.1971). *See also Prince v. Wallace,* 568 F.2d 1176, 1178 (5th Cir.1978); *Kaiser v. Cahn,* 510 F.2d 282, 285 (2d Cir. 1974). Where denial of a fair trial is alleged, the primary injury is the wrongful conviction and resulting incarceration. *See id.* Such a claim does not accrue until the primary injury complained of occurs. In contrast, where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs. Since the gravamen of Venegas' claim was denial of a fair trial resulting in wrongful conviction and incarceration, the court erred in applying the "last overt act" rule to determine when the cause of action accrued.[1]

1. The statute of limitations cannot be avoided merely by artful pleading. In asserting denial of a fair trial, plaintiff has the burden of alleging (and proving) defendant's conduct proximately caused the conviction and damages which flow therefrom. *See Smiddy v. Varney,* 665 F.2d 261, 266–68 (9th Cir.1981). This is a more formidable task than establishing false arrest or illegal search and seizure.

2. In general, the elements of malicious prosecution are: "(1) the institution or continuation of

*Cline v. Brusett,* 661 F.2d 108 (9th Cir. 1981), decided after the district court's decision, controls this case. Cline alleged the defendants conspired to deny him fair trials and to cause him to be convicted of groundless criminal charges by bribing witnesses, inspiring adverse media coverage, and knowingly presenting false evidence and perjured testimony in two criminal prosecutions. *Id.* at 110. The court noted that some of Cline's claims alleged the elements of the tort of malicious prosecution, *id.* at 110–12, and held that these causes of action accrued when Cline's conviction was reversed on appeal. *Id.*

■ Venegas' complaint also alleges defendants conspired to deny him a fair trial and to cause him to be convicted of groundless charges by tampering with witnesses and knowingly presenting false evidence and perjured testimony to the jury. Like Cline, Venegas alleges the elements of common law malicious prosecution.[2] Under the holding of *Cline,* the limitations period on Venegas' civil rights claim did not begin to run until reversal of his conviction by the California Supreme Court on September 17, 1974.

Venegas was incarcerated on that date. The statute of limitations was therefore tolled until his actual release on October 28, 1974. Cal.Civ.Proc.Code § 352(3) (West 1982); *Ney,* 439 F.2d at 1287. Since this action was brought on October 28, 1977, exactly three years later, it was timely. *See, e.g., Coronet Manufacturing Co. v. Superior Court,* 90 Cal.App.3d 342, 344, 153 Cal.Rptr. 366, 367 (1979).

REVERSED and REMANDED.

[criminal] judicial proceedings ... [against the plaintiff], (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the prosecution or proceeding." 52 Am.Jur.2d *Malicious Prosecution* § 6 (1970). *See* Restatement (Second) of Torts § 672 (1977).