947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvin PARKER, Plaintiff-Appellant,
v.
OKLAHOMA CITY POLICE DEPARTMENT; Bob Bemo; Ron Mitchell;
Steve Pacheko; William Joel Citty; Roger
Montgomery; and Joyce A. Gilchrist,
Defendants-Appellees.
 No. 91-5124.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1991.
 
 Before STEPHEN A. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Parker, a state inmate, appeals pro se the dismissal of his civil rights suit.
 
 
 3
 Mr. Parker was convicted of first degree murder and sentenced to life imprisonment. His appeal resulted in a reversal and he was retried, convicted of second degree murder and sentenced to 199 years in prison. This second conviction is currently being appealed through the Oklahoma courts.
 
 
 4
 Mr. Parker then commenced this action, pro se, under 42 U.S.C. § 1983 wherein he named as defendants the Oklahoma Police Department, five of its detectives and a police serologist. In his first count, Mr. Parker asserts he was forced to participate in a police lineup on February 9, 1985, without counsel. In his second claim. Mr. Parker asserts the defendants fabricated evidence on a conspiracy to convict him wrongfully.
 
 
 5
 The trial court dismissed the first count holding it was barred by the statute of limitations. The wrongful act was alleged to have occurred on February 9, 1985. This complaint was filed January 17, 1991, nearly six years later. The district court applied Oklahoma's two-year statute for "an action for injury to the rights of another." Okla.Stat. tit. 12 § 95(3).
 
 
 6
 In his pro se appeal, Mr. Parker asserts the two-year statute of limitations should commence running in October 1989 when the Oklahoma court of criminal appeals reversed the first conviction arguing the determination was the triggering event. Mr. Parker's argument must fail since when an illegal search is alleged the cause of action accrues when the wrongful act occurs. Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983).
 
 
 7
 Mr. Parker next argues the principles of estoppel asserting that issues determined at a criminal trial may work an estoppel in a subsequent civil proceeding. We need not analyze this contention as the claim is time barred.
 
 
 8
 Mr. Parker maintains the illegal lineup was a continuing tort and each day he was deprived of his constitutional rights constitutes a new violation. Mr. Parker misperceives the law. He complains of a single, discrete, and separate act that occurred on February 9, 1985. Accordingly, this argument also fails.
 
 
 9
 Concerning Mr. Parker's claim that police conspired to fabricate evidence to convict him, the district court found the action premature and concluded it was a malicious prosecution suit which does not accrue until acquittal by the state tribunal reviewing the case. See Robinson v. Maruffi, 895 F.2d 649, 654 (10th Cir.1990). Mr. Parker has not appealed this ruling.
 
 
 10
 Following the trial court's decisions, Mr. Parker, in a series of motions, sought leave to amend his complaint: (1) naming additional defendants (the judges of the Oklahoma court of criminal appeals, two public defenders, the mayor, and the chief of police); and (2) asserting additional claims (fraudulently concealing a first degree murder conviction, gross negligent failure to train employees). The district court denied these motions concluding no facts were offered and that respondeat superior is not a basis for liability under 42 U.S.C. § 1983.
 
 
 11
 Mr. Parker appeals this ruling asserting: (1) the judges were not acting within their jurisdiction and their actions were racially biased; (2) there exists a conspiracy between the appellate judges and Mr. Parker's defense counsel; and (3) defendants conspired to fraudulently conceal his first degree murder conviction solely for the purpose of allowing the state to retry him.
 
 
 12
 Mr. Parker's assertions, made both to this court and to the district court, are nothing more than mumbo-jumbo, with a touch of legal jargon. They were not sufficient to persuade the district court to grant leave to amend and they are not sufficient to persuade this court to conclude the district court erred.
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3