976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome JOSEPH, Plaintiff-Appellant,
v.
Joseph ASENCIO; Leonard Myers, Defendants-Appellees.
 No. 91-16837.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 18, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerome Joseph, a California state prisoner, appeals pro se the district court's order denying his post-judgment motion to amend the district court's order dismissing his 42 U.S.C. § 1983 civil rights action as barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291.[1] We vacate and remand.
 
 
 3
 On November 1, 1989, Joseph filed a section 1983 civil rights action alleging that he was denied due process by the procedures used by California to effect extradition. Specifically, he alleged that he was detained an unreasonable amount of time without a probable cause determination on his warrantless arrest in violation of his fourth and fourteenth amendment rights. He claimed money damages for the alleged denial of his due process rights. The district court originally dismissed Joseph's action prior to issuance and service of process. Joseph appealed, and this court remanded for service of process. See Joseph v. Asencio, No. 90-15358, unpublished memorandum disposition (9th Cir. Dec. 11, 1990).
 
 
 4
 On remand, the district court granted the defendants' motion to dismiss Joseph's action under Fed.R.Civ.P. 12(b)(6) on the grounds that it was barred by the one-year state statute of limitations. Joseph filed a post-judgment motion to amend the order of dismissal in which he alleged that his imprisonment tolled the statute of limitations. The district court denied the motion, and Joseph appealed.
 
 
 5
 When a motion to dismiss is based on the running of the statute of limitations, "it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). A court should liberally construe pro se civil rights pleadings, affording the plaintiff the benefit of any doubt. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). A pro se litigant must be given leave to amend the complaint unless it is absolutely clear the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 6
 Under Cal.Civ.Proc.Code § 352(a)(3), the statute of limitations is tolled if the plaintiff is in prison when the cause of action accrues. Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983); Bledstein v. Superior Court, 208 Cal.Rptr. 428, 437 (1984).[2] Upon the prisoner's release the limitations period begins to run. See Deutsch v. Hoffman, 211 Cal.Rptr. 319, 320 (1985) (limitations period began to run once inmate released on parole).
 
 
 7
 In his complaint, Joseph alleged that he was arrested on September 7, 1988, and "booked" in the Santa Clara Jail on the same day. He further alleged that he is still in custody. These allegations may permit Joseph to amend his complaint to show that the statute of limitations was tolled during the term of his incarceration. See Cal.Civ.Proc.Code § 352(a)(3); Venegas, 704 F.2d at 1146. Thus, the district court erred in dismissing Joseph's action as time barred. See Jablon, 614 F.2d at 682. Accordingly, we vacate the district court's order denying reconsideration and we remand for further proceedings.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In a separate order, a motions panel previously denied the appellees' motion to dismiss Joseph's appeal as untimely. Therefore, this issue has been decided and we will not reconsider it on appeal
 
 
 [2]
 Section 352(a)(3) tolls the statute of limitations if "at the time the cause of action accrued ... [the injured party was] imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than life."