990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Ronald BERTRAM, Plaintiff-Appellant,
v.
FIVE UNKNOWN OFFICERS, et al., Defendants-Appellees.
 No. 91-55430.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 25, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Ronald Bertram, a former California state prisoner,[1] appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action prior to service of process as barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 In Wilson v. Garcia, the Supreme Court held that the applicable statute of limitations period for section 1983 actions is the personal injury statute of limitations of the state in which the claim arises. 471 U.S. 261, 279-80 (1985). State law also determines the availability and application of any tolling doctrines. Id. In California, the applicable statute of limitations is Cal.Civ.Proc.Code § 340(3), which provides for a limitations period of one year from the date the cause of action accrues. See McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991).
 
 
 4
 Under Cal.Civ.Proc.Code § 352, the statute of limitations is tolled if the plaintiff is in prison when the cause of action accrues. See Cal.Civ.Proc.Code § 352(a)(3);[2] Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983); May v. Enomoto, 633 F.2d 164, 166 (9th Cir.1980); Bledstein v. Superior Court, 208 Cal.Rptr. 428, 437 (1984). Upon the prisoner's release the limitations period begins to run. See Deutsch v. Hoffman, 211 Cal.Rptr. 319, 320 (1985).
 
 
 5
 In his complaint, Bertram alleged that the defendants "in the months between May through August 1983 entered the plaintiff's home without a search warrant and took items from said home." On appeal, Bertram contends that his action arising from these allegedly illegal search and seizures is not time-barred because the statute of limitations was tolled under Cal.Civ.Proc.Code § 352 while he was in prison. This contention lacks merit.
 
 
 6
 Here, Bertram's cause of action arose no later than August 1983 when the defendants allegedly last illegally entered his home. See Venegas, 704 F.2d at 1146 (if "illegal search and seizure is alleged, the conduct and the asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occured"). Because he was not incarcerated at the time the cause of action arose, section 352 is inapplicable and does not toll his action. See Cal.Civ.Proc.Code § 352(a)(3) (statute of limitations is tolled only if the plaintiff is imprisoned "at the time the cause of action accrued"); Venegas, 704 F.2d at 1146; Bledstein, 208 Cal.Rptr. at 437. Accordingly, the district court properly dismissed Bertram's action as time-barred.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It appears from the record that Bertram was incarcerated when he brought this action, but that he subsequently has been released
 
 
 [2]
 Specifically, Cal.Civ.Proc.Code § 352(a)(3) tolls the statute of limitations if "at the time the cause of action accrued ... [the injured party was] imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than life."