24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kenneth YEE, Plaintiff-Appellant,
v.
MULTNOMAH COUNTY, Defendant-Appellee.
 No. 91-35063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 4, 1994.
Decided April 29, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Kenneth Yee sued his employer, Multnomah County, alleging two causes of action each under 42 U.S.C. Sec. 1985(3) and Title VII, 42 U.S.C. Sec. 2000e et seq. The district court granted summary judgment and dismissed all Yee's claims. Reviewing the grant of summary judgment de novo, Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992), we affirm.
 
 I. The Sec. 1985(3) Claims
 A. The Statute of Limitations
 
 4
 42 U.S.C. Sec. 1985(3) contains no statute of limitations. It is well-settled that in such situations, federal courts should look to state law and borrow the most analogous statute of limitations if it is not inconsistent with federal law. Wilson v. Garcia, 471 U.S. 261, 266-68 (1985); Johnson v. Railway Express Agency, 421 U.S. 454, 462 (1975). We have done so with regard to Sec. 1985(3), concluding:
 
 
 5
 An action under Sec. 1985(3) alleging a conspiracy to deprive a person of constitutional rights is designed to remedy the same types of harms as the deprivations actionable under [42 U.S.C.] Sec. 1983. Accordingly, we hold that suits under Sec. 1985(3) are also best characterized as personal injury actions and are governed by the same statute of limitations as Sec. 1983.
 
 
 6
 McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir.1991). Thus, Sec. 1985(3), like Sec. 1983, borrows a state's statute of limitations for personal injuries. In Oregon, that statute is Or.Rev.Stat. Sec. 12.110(1), which provides that "[a]n action ... for any injury to the person or rights of another, not arising on contract ... shall be commenced within two years."
 
 
 7
 Yee contends that a six year statute of limitations should apply, but he neither cites McDougal nor offers any explanation why it does not control. Yee's Sec. 1985(3) claims are therefore subject to a two year statute of limitations.
 
 B. The Merits
 
 8
 Yee filed suit June 29, 1989. All of the actions alleged in the fourth count took place in 1983, and Yee concedes that by March 1985, he had notice of facts indicating a conspiracy to violate his civil rights. We find the fourth count to be time-barred.
 
 
 9
 Yee's third claim is not automatically foreclosed. Ordinarily, a cause of action for conspiracy to deny civil rights accrues on the date of the "last overt act." See Bergschneider v. Denver, 446 F.2d 569, 569 (9th Cir.1971); Lambert v. Conrad, 308 F.2d 571, 571 (9th Cir.1962); Hoffman v. Halden, 268 F.2d 280, 302 (9th Cir.1959). In response to the County's motion for summary judgment, Yee identifies one incident which occurred subsequent to June 1987, the 1989 Lodging Incident. However, the district court correctly concluded that this incident was insufficient to support a claim under Sec. 1985(3).
 
 
 10
 A claim under Sec. 1985(3) requires a showing of 1) a conspiracy, 2) for the purpose of depriving a person of equal protection or the equal privileges of the law, 3) an act in furtherance of the conspiracy, and 4) a deprivation of a right or privilege of United States citizenship, or injury to the person or his property. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992). The deprivation must be motivated by race or other class-based animus. Bray v. Alexandria Women's Health Clinic, 113 S.Ct. 753, 758 (1993); Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989).
 
 
 11
 Yee's complaint asserts that his supervisors have conspired to deprive him of his equal protection rights by discriminating based on race. However, he has introduced no evidence that would suggest the Lodging Incident was an overt act in furtherance of this conspiracy. Yee has not shown that the other employees were not of Chinese descent. He has not introduced evidence that he was treated differently because of anything other than his own choice. Yee has introduced no evidence that he was compelled to stay in a different room; the deposition evidence he points to indicates that, had he so chosen, he could have received the same treatment as the other employees. Yee has not contradicted Bloom's affidavit, which asserts that Yee was not required to be the one of the three employees who would have to sleep on a roll-away bed. Given the state of the evidence, there is no basis on which to conclude that Yee was adversely treated and that any violation of his equal protection rights occurred. Because Yee has not raised an issue of material fact over whether any overt acts occurred within the limitations period, we find his third claim to be time-barred.
 
 II. The Title VII Claims
 A. The Statute of Limitations
 
 12
 Where, as here, a plaintiff files a complaint with a state agency authorized to address discrimination complaints, Title VII provides for a 300-day statute of limitations. 42 U.S.C. Sec. 2000e-5(e). Yee must allege discriminatory conduct within the 300-day period prior to his February 8, 1988, filing of a state complaint, a period that extends back to April 1987. The complaint alleges several instances of discrimination which may have occurred after April 1987, including surprise examinations and denial of access to continuing education seminars. However, in opposing a summary judgment motion, the nonmoving party "may not rest on mere allegations in the pleadings in order to preclude summary judgment." T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629-30 (9th Cir.1987). Yee's "Statement of Facts as to Which There Exists a Genuine Issue to Be Tried," filed in opposition to the summary judgment motion, substantiates only one incident occurring subsequent to April 1987, the Lodging Incident. We need consider only this incident.
 
 
 13
 Yee cannot bootstrap his way around the statute of limitations by arguing that even if the defendants produce a legitimate reason for his treatment in October 1989, this explanation would still not be a defense to earlier alleged acts in the course of conduct. This argument misses the point. Under Title VII, past acts for which no timely charge was filed have no independent legal significance. United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977) (such an act "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history with no present legal consequences."); accord Domingo v. New England Fish Co., 727 F.2d 1429, 1443 (9th Cir.1984).
 
 
 14
 Evans does not foreclose all "continuing violation" claims. See EEOC v. Local 350, 998 F.2d 641, 644 (9th Cir.1993). Yee does allege that he has been subjected to a "hostile environment" from 1984 to the present. However, even under such a continuing violation theory, a plaintiff must show either 1) the maintenance of a discriminatory system or 2) a series of related acts, at least one or more of which falls within the limitations period. Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480-81 (9th Cir.1989). Again, we need consider only the Lodging Incident.
 
 B. The Merits
 
 15
 Yee alleges two claims under Title VII, 42 U.S.C. 2000e et seq., one for discrimination and one for retaliation. Yee bears the initial burden of establishing a prima facie case of discrimination or retaliation. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987). "To establish a prima facie case of intentional discrimination sufficient to survive a motion for summary judgment, appellant must identify actions by [defendant] that if unexplained, give rise to an inference of discriminatory conduct." Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). Alternatively, a prima facie case of discriminatory retaliation requires a showing that 1) plaintiff engaged in a protected activity, 2) plaintiff was subjected to an adverse employment action, and 3) there is a causal link between the adverse employment action and the protected activity. Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1411 (9th Cir.1987). Yee must both establish a prima facie case and, once Multnomah County articulates a legitimate reason for its actions, raise a genuine factual issue as to whether the articulated reason is pretextual. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1110 (9th Cir.1991). Conclusory allegations of discrimination, with no concrete particulars, will not bar summary judgment. Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988).
 
 
 16
 The evidence Yee submitted in response to the summary judgment motion is manifestly inadequate to carry this burden. His only evidence of the facts surrounding the Lodging Incident is contained in a deposition of his supervisor, Arthur Bloom. In that deposition, Bloom explains that the county offered to reimburse Yee in full for his lodging, but Yee declined to share a room with two others. Yee has offered no other evidence to suggest this cost-based explanation of the incident is pretextual. As described, it does not "give rise to an inference of discrimination." Nor has Yee submitted any evidence that this incident was somehow related to the prior suits and complaints he had filed. Yee's evidence fails to make out a prima facie case and raises no material issues of pretext. The district court's grant of summary judgment on Yee's first and second claims was proper.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3