36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kimberly McCALL, Plaintiff-Appellant,
v.
Darryl GATES, Police Chief, Defendant,
and
Wayne Stovall, Defendant-Appellee.
 No. 93-55031.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.*
Decided Sept. 16, 1994.
 
 Before: FLETCHER, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kimberly McCall appeals the district court's judgment as a matter of law in favor of Officer Wayne Stovall in her witness intimidation claim brought under 42 U.S.C. Sec. 1983. McCall also challenges the district court's dismissal of both her section 1983 claim for malicious prosecution and her pendent state claim for malicious prosecution.
 
 
 3
 The district court had jurisdiction pursuant to 28 U.S.C. Secs. 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 I.
 
 4
 McCall argues that the district court erred in directing a verdict on her claim of intimidation of a federal witness under section 1983. To make out a cause of action under section 1983, McCall must show that Officer Stovall: 1) acted under color of state law and 2) deprived her of a federally protected right. Albright v. Oliver, 114 S.Ct. 807, 811 (1994); Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir.1988).
 
 
 5
 Assuming without deciding that a witness intimidation claim is cognizable under section 1983, we conclude that McCall's argument nonetheless fails. Aside from stating that she was frightened, McCall presented no evidence that Stovall did anything to intimidate her from testifying in Tiffany's case. Stovall simply placed the subpoena on McCall's unoccupied car seat, while McCall was some twenty feet away. RT 1/44-59. The entire incident lasted between one and two minutes and there was no force, threats of force or physical contact whatsoever. Id.; RT 1/88-89. In fact, the closest Stovall got to McCall was five feet. Furthermore, McCall was not a party to the relevant litigation and has not demonstrated that any prejudice resulted from the alleged intimidation. See United States v. Little, 753 F.2d 1420, 1438 n. 8 (9th Cir.1984) (stating that an appellant must demonstrate some prejudice flowing from the alleged misconduct to prevail on a witness intimidation claim). We conclude that the district court properly granted a directed verdict for the defense on McCall's witness intimidation claim.
 
 II.
 
 6
 McCall argues that Stovall is liable under state law for malicious prosecution because he "instituted a false proseuction [sic] against plaintiff for which there was no probable cause, which was done with malice and ill-will, and which terminated in plaintiff's favor on December 2, 1991....". "[I]n order to establish a cause of action for malicious prosecution [under California law], a plaintiff must plead and prove that the prior proceeding, commenced by or at the direction of the malicious prosecution defendant, was (1) pursued to a legal termination favorable to plaintiff; (2) brought without probable cause; and (3) initiated with malice." Villa v. Cole, 6 Cal.Rptr.2d 644, 648 (Ct.App.1992) (internal citations omitted). We find that McCall could not have established the first of these required state law elements.
 
 
 7
 A favorable termination must reflect the merits of the action and the malicious prosecution plaintiff's innocence of the misconduct alleged therein. Id. "If [the termination] is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination." Jaffe v. Stone, 18 Cal.2d 146, 150 (1941).
 
 
 8
 In McCall's criminal trial, opening statements were made and the prosecution called Stovall as its first witness.[1] Stovall, however, was not present to testify. Upon being reached by telephone, Stovall informed the municipal court that he had mixed up the dates and could be there in approximately 45 minutes. Preoccupied with the time loss caused by Stovall's absence, the court dismissed the case rather than excuse the delay. The comments made by the municipal court clearly indicate that the dismissal was not reflective of McCall's innocence or guilt. McCall did not receive a favorable termination on the merits and therefore the district court properly dismissed her state malicious prosecution claim.[2] See Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989) (court of appeals may affirm decision of the district court on any ground supported by the record), cert. denied, 496 U.S. 937 (1990).
 
 
 9
 AFFIRMED.
 
 FLETCHER, Circuit Judge, special concurrence:
 
 10
 I concur in the result. I would affirm on the grounds relied upon by the district court.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have previously granted Stovall's motion to take judicial notice of the relevant portions of the municipal court transcripts
 
 
 [2]
 McCall's inability to prove the element of favorable termination of her criminal case also disposes of her federal malicious prosecution claim. Relying exclusively on Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir.1987), McCall argues that Ninth Circuit authority does not require favorable termination to state a cause of action for malicious prosecution. While Usher does neglect to mention favorable termination in its listing of required elements, the element does appear in its discussion of whether the malicious prosecution claim is adequately pled. Id. More importantly, Usher purports to apply California law, which indisputably requires the element of favorable termination to state a malicious prosecution claim. See Villa v. Cole, 6 Cal.Rptr.2d at 648. Our circuit has similarly recognized this element. See Venegas v. Wagner, 704 F.2d 1144, 1146 n. 2 (9th Cir.1983) (recognizing favorable termination as a required element of malicious prosecution). Therefore, we conclude that the district court properly dismissed McCall's federal malicious prosecution claim