59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Betty POE, Plaintiff-Appellant,
v.
CITY OF ROLLING HILLS ESTATES, Defendant-Appellee.
 No. 94-55419.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided June 26, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Betty Poe appeals the district court's grant of summary judgment for the City of Rolling Hills in her Sec. 1983 suit against the City. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994), and we affirm.
 
 
 3
 Poe's claims are subject to a one-year statute of limitations. De Anza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1085 (9th Cir. 1991). While the limitations period for a Sec. 1983 action depends on state law, when the action accrues depends on federal law. Gowin v. Altmiller, 663 F.2d 820, 822 (9th Cir. 1981). In this circuit, "[t]he touchstone for determining the commencement of the limitations period is notice: a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 344 (9th Cir.), cert. denied, 114 S. Ct. 95 (1993) (internal quotations omitted); see also Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983) (cause of action does not accrue until primary injury occurs).
 
 
 4
 Poe argues that because her claims involve challenges to prosecutions, they could not have accrued prior to March 18, 1992, when the first charge was resolved in her favor. We are unpersuaded by Poe's reliance on Sec. 1983 malicious prosecution cases. See Venegas, 704 F.2d at 1146; Brummet v. Camble, 946 F.2d 1178, 1183-84 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992). A claim for malicious prosecution requires as an essential element termination of the criminal proceedings in the accused's favor. Heck v. Humphrey, 114 S. Ct. 2364, 2371 (1994). Consequently, a cause of action for malicious prosecution under Sec. 1983 will not accrue until this has occurred. Id. at 2374. In such cases, the merits of the charges are a critical issue, and it is important to avoid parallel litigation over those merits. Id. at 2371.
 
 
 5
 The same cannot be said of Poe's claims. She alleges selective prosecution on the Sec. 1826(b) count. She also alleges that prosecution on the Sec. 1829 count impermissibly infringed on her First Amendment right to receive information. See Red Lion Broadcasting Co. v. F.C.C., 395 U.S. 367, 390 (1969). Poe concedes that her pilasters violated the municipal ordinance and she had no special use permit for her satellite dish. The merits of the prosecutions are not at issue. The gravamen of Poe's claims is not that Rolling Hills lacked probable cause, but that its reasons for deciding to prosecute Poe were constitutionally infirm, and the fact of prosecution violated her constitutional rights. See, e.g., Wayte v. United States, 470 U.S. 598, 608-09 (1985); United States v. Armstrong, 48 F.3d 1508, 1512-13 (9th Cir. 1995) (en banc).
 
 
 6
 How a prosecution challenged on these grounds turns out is irrelevant, except as a matter of damages. Here, unlike with a malicious prosecution claim, favorable termination on the merits is unnecessary. Here, unlike with a denial of fair trial claim, the primary injury arises from being subjected to prosecution, not from being convicted. Cf. Venegas, 704 F.2d at 1146. Poe thus had notice of her injuries as soon as charges were filed--November 8, 1991. Under Gerritsen, therefore, it is on that date that her selective prosecution and First Amendment claims accrued. See Wilson v. Giesen, 956 F.2d 738 (7th Cir. 1992) (selective prosecution claim accrues when prosecution is initiated). The statute of limitations on Poe's claims ran in November 1992, and her March 1993 lawsuit was untimely.
 
 
 7
 Because we conclude that all of Poe's claims are barred by the statute of limitations, we need not address any of the other arguments raised by the parties.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3