87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Earl FORT, Plaintiff-Appellant,
v.
Wayne HAILEY, Nashville Metropolitan Police Detective;
Jerry Davis, Nashville Metropolitan Police Detective; James
Jarritt, Nashville Metropolitan Police Detective; Fata
Thomas, Sheriff Davidson County; Davidson County Tennessee;
Darral D. Davidson, Sheriff of Deschutes County; Michael
T. Dugan, Deschutes County District Attorney; John Doe,
Jail Commander at Davidson County Jail; Deschutes County
Sheriff's Department; Lee F. Miller, Detective Deschutes
County Sheriffs Department; Randy Smith, Detective
Deschutes County Sheriffs Department; Robert Cosner,
Detective Deschutes County Sheriffs Department; Marvan
Combs, Deschutes County Deputy Sheriff; Deschutes County
Jail, Jail Commander; Deschutes County District Attorney;
Jushua K. Marquis, Chief Deputy District Attorney; Duane W.
Halblieb, Deputy District Attorney Deschutes County;
Barbara A. Haslinger, Deschutes County District Court Judge;
Stephan N. Tiktin, Deschutes County Circuit Court Judge;
Deschutes County; State of Oregon; Davidson County
Sheriff's Department; Davidson County, Defendants-Appellees.
 No. 95-35820.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Earl Fort appeals from the district court's dismissal of his civil rights action brought pro se against various law enforcement officials of Deschutes County, Oregon and Nashville, Tennessee for compensatory, punitive, declaratory, and injunctive relief for violations of 42 U.S.C. § 1983. We exercise jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court first held that the applicable Oregon statute of limitations did not bar Fort's action as untimely. It then dismissed Fort's action upon a motion for summary judgment by defendants Deschutes County, the Deschutes County Sheriff's Department, Sheriff Darrell Davidson, Jail Commander Ben Doe, Marvan Combs, and deputies Robert Cosner, Lee Miller, and Randy Smith (collectively, the Deschutes County defendants), which was dispositive of Fort's action against all defendants. We affirm the district court's entry of summary judgment in favor of all defendants and subsequent dismissal of Fort's action without prejudice. We also review the district court's action on two motions to dismiss brought by the remaining defendants so that we may determine whether to dismiss Fort's action as to them with or without prejudice. See Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994) (recovery of damages for allegedly unconstitutional conviction or imprisonment barred under section 1983 unless prisoner can show conviction or imprisonment already invalidated); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (dismissing section 1983 action barred by Heck without prejudice so that prisoner could reassert claims if he ever succeeded in invalidating his conviction).
 
 
 4
 * We first review de novo the district court's decision allowing Fort's action to go forward under Oregon's statute of limitations. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993). Federal courts apply the statute of limitations of the state in which the claim arises for section 1983 actions. Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994). In Oregon, this period is two years. Or.Rev.Stat. § 12.110(1); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir.1989). Fort brought this action on October 21, 1994, more than two years after his alleged unlawful arrest, interrogation, extradition, and imprisonment, which occurred between July 21 and 23, 1990. If Fort's claim accrued prior to October 21, 1992, then his action is barred unless a tolling provision applies. See Elliott, 25 F.3d at 802 (state tolling statutes apply to section 1983 claims).
 
 
 5
 Fort argued before the district court that his action did not accrue until 1994, when he became "learned in the law" and discovered the defendants' allegedly wrongful acts. To the extent Fort complains of wrongful arrest and interrogation, however, his action accrued when the wrongful acts occurred--in this case, prior to January 3, 1991, when Fort entered his guilty plea. See Davis v. Harvey, 789 F.2d 1332, 1333 n. 1 (9th Cir.1986); Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983). To the extent he complains of wrongful imprisonment or an unlawful conspiracy aimed at depriving him of his civil rights, Fort's action accrued when the primary injury complained of occurred. Venegas, 704 F.2d at 1146. The acts complained of that led to Fort's allegedly unlawful incarceration either occurred prior to Fort's guilty plea or will occur at some date in the future when and if his incarceration is ever invalidated. See id. Thus, to the extent Fort's action has accrued, it is barred by Oregon Revised Statute § 12.110(1) because it was brought more than two years after the injury occurred. To the extent it has not accrued, we lack jurisdiction to grant relief. See Heck, 114 S.Ct. at 2372.
 
 
 6
 The district court, however, held that the relevant Oregon tolling statute, Or.Rev.Stat. § 12.160, applied and extended the limitations period to five years. Section 12.160(3) provides:
 
 
 7
 If, at the time the cause of action accrues, any person entitled to bring an action mentioned in [ORS 12.070 to 12.250] is ... [i]mprisoned on a criminal charge, or in execution under the sentence of a court for a term less than the person's natural life, the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases.
 
 
 8
 Or.Rev.Stat. § 12.160(3) (emphasis added). All of Fort's claims accrued prior to the time he began serving his life sentence, thus we need only consider whether he was "[i]mprisoned on a criminal charge" at the time his claims accrued to determine whether the limitations period was tolled. The Oregon Supreme Court has not decided whether an individual who was in continuous police custody from the time of his arrest was "imprisoned on a criminal charge" for the purposes of applying section 12.160. "In the absence of controlling state precedent, we must decide this question as the [Oregon Supreme Court] would decide it." Elliott, 25 F.3d at 802 n. 3.
 
 
 9
 In construing two nearly identical tolling statutes, we have held that being "imprisoned on a criminal charge" includes continuous police custody or incarceration upon an individual's arrest. See Elliott, 25 F.3d at 802 (construing California statute); Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1318 (9th Cir.1990) (construing Washington statute). In Bianchi, we held that "actual, uninterrupted incarceration is the touchstone for determining disability by incarceration" under the applicable Washington tolling statute, which mirrors the language of section 12.160. Id. Differentiating between individuals who are imprisoned before or after arraignment is arbitrary and fails to recognize the purpose of disability statutes, which is to "protect those who are incapable of protecting themselves" by investigating their claims, contacting lawyers, and availing themselves of the judicial process. Elliott, 25 F.3d at 802-03 (internal quotation omitted). Thus, where an individual is in continuous police custody at the time his action accrues, the limitations period is tolled. Id. at 803.
 
 
 10
 In light of Bianchi, Elliott, and similar decisions of other courts of appeals, see Elliott, 25 F.3d at 803 n. 4 (citing cases), we conclude that the Oregon Supreme Court would construe "imprisoned on a criminal charge" to include uninterrupted police custody and incarceration. Because Fort was held in continuous police custody or incarceration at the time his action accrued, section 12.160 applies and tolls the limitations period. Fort's action is thus timely.
 
 II
 
 11
 Next, we review de novo the district court's grant of summary judgment in favor of all defendants. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 12
 Fort seeks relief from alleged violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, which he argues resulted from unlawful arrest, interrogation, and extradition. He also contends that the defendants conspired to imprison him falsely. The district court granted summary judgment in favor of all defendants because Fort's claims are not cognizable under section 1983. See Heck, 114 S.Ct. at 2372. Heck states:
 
 
 13
 [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.
 
 
 14
 Id. (internal footnote and citation omitted). We agree with the district court that Fort's challenges to his arrest, interrogation, and extradition "necessarily require [him] to prove the unlawfulness of his conviction or confinement." Id. Because Fort's conviction has not been reversed or questioned as required by Heck, we conclude that the dismissal of the district court was without prejudice, and we affirm. See Trimble, 49 F.3d at 585.
 
 
 15
 Fort's argument that Heck is inapplicable because it concerned an action based on unlawful conviction rather than unlawful arrest, interrogation, extradition, and imprisonment is not persuasive. Fort's alleged unlawful arrest, interrogation, extradition, or imprisonment constitute "harm caused by actions whose unlawfulness would render a conviction or sentence invalid." Heck, 114 S.Ct. at 2372. Exceptions to Heck allow a prisoner to bring a section 1983 action based on an allegedly unreasonable search, id. at 2372 n. 7, or a challenge to prison disciplinary procedures, Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996), because such actions do not necessarily imply that the prisoner's conviction was unlawful. See Heck, 114 S.Ct. at 2372 n. 7. Thus, in those two limited circumstances, the prisoner need not first exhaust other methods of challenging his conviction or confinement before bringing a civil rights action.
 
 
 16
 To the extent Fort asserts a Fourth Amendment violation, his action may not necessarily imply that his conviction was unlawful, because of doctrines such as harmless error. See id. As the district court correctly stated, however, Fort did not allege any "actual, compensable injury which ... does not encompass the 'injury' of being convicted and imprisoned." See id. (internal citation and emphasis omitted). Thus, Fort's action falls into neither Heck exception and must be dismissed.
 
 III
 
 17
 We must now determine whether to affirm the dismissal Fort's action with or without prejudice. We first affirm the dismissal of his action with prejudice as to defendants Davidson County, the Davidson County Sheriff's Department, Sheriff Feta Thomas, Jail Commander John Doe, and Nashville detectives James Jarritt, Wayne Hailey, and Terry Davis (collectively, the Tennessee defendants) because we affirm the district court's decision that it lacked personal jurisdiction over them. For the reasons stated by the district court, we hold that neither general nor specific jurisdiction lies against the Tennessee defendants.
 
 
 18
 As to defendants the State of Oregon, Judge Barbara Haslinger, Judge Stephen Tiktin, District Attorney Michael Dugan, and Deputy District Attorneys Duane Halblieb and Joshua Marquis (collectively, the Oregon defendants), the district court dismissed Fort's action because the Oregon defendants benefit from absolute immunity. Fort argues the district court improperly dismissed his action against the Oregon defendants. We review the district court's decision as to the immunity of the Oregon defendants de novo. Elder v. Holloway, 114 S.Ct. 1019, 1023 (1994).
 
 
 19
 We agree with the district court that the Oregon defendants are immune from liability for monetary damages for the reasons stated in the district court opinion. Fort's action, however, is not barred to the extent it requests declaratory relief. See Partington v. Gedan, 961 F.2d 852, 860 n. 8 (9th Cir.), cert. denied, 506 U.S. 999 (1992). Thus, we affirm the dismissal of Fort's claim for declaratory relief against the Oregon defendants without prejudice.
 
 
 20
 The Deschutes County defendants asserted only two defenses based on the Oregon statute of limitations and Heck, neither of which justifies a dismissal with prejudice. We therefore affirm the dismissal of Fort's action as to these defendants without prejudice.
 
 IV
 
 21
 Finally, we review the district court's rejection of Fort's motion to file a third reamended complaint. Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. See United States v. Doe, 58 F.3d 494, 497 (9th Cir.1995). The district court properly determined that the third reamended complaint is virtually identical to Fort's second amended complaint and bears the same deficiencies. See Heck, 114 S.Ct. at 2372 (section 1983 action that "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction or confinement" not cognizable).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4. Fort's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3