**Charles Leonard ELLIOTT, Plaintiff–Appellant,**

v.

**CITY OF UNION CITY, et al., Defendants–Appellees.**

No. 92–16036.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1994.

Decided June 1, 1994.

---

Charles L. Elliott, pro se.

Bryan A. Marmesh, Vogl & Meredith, San Francisco, CA, for defendants-appellees.

Before: REINHARDT and LEAVY, Circuit Judges, and BROWNING,* District Judge.

Opinion by Judge REINHARDT.

REINHARDT, Circuit Judge:

The issue before us is whether the California disability statute, Cal.Civ.Proc. Code § 352(a)(3), tolls the statute of limitations when a plaintiff, suing under 42 U.S.C. § 1983 to recover for injuries suffered during an arrest, is held in continuous custody from the time of that arrest through the period of his incarceration following his conviction.

Plaintiff Charles Elliott appeals pro se the district court's judgment in favor of defendants Union City, the Union City Police Chief, and members of the Union City Police Department. The district court granted defendants' motion for judgment on the pleadings, finding that Elliott's claim that Union City police officers used excessive force in arresting him was barred by the applicable statute of limitations. Because we hold that § 352(a)(3) tolls the limitations period when the plaintiff has been in continuous custody, commencing at the time of his arrest, we reverse and remand to the district court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In 1985, after a domestic dispute, Elliott was arrested and charged with two felony counts of battery on a police officer, and was held in continuous police custody until he was convicted on both counts and sent to prison. His imprisonment lasted from October 1985 to November 1990. On September 29, 1987, while in state prison, Elliott filed this § 1983 action in federal district court alleging that the defendant police officers used excessive force in subduing him with a taser "stun gun" during his arrest.

The district court granted defendants' Fed. R.Civ.P. 12(c) motion for judgment on the pleadings. The court found that the statute had not been tolled by Elliott's arrest and incarceration, and consequently held that the statute of limitations applicable to Elliott's claim expired on April 17, 1986, approximately 18 months prior to the date Elliott filed his federal complaint.[1]

## DISCUSSION

### I. The Statute of Limitations Does Not Bar Elliott's Section 1983 Action

Federal law determines when a cause of action accrues and the statute of limita-

---

\* The Honorable William D. Browning, Chief United States District Judge for the District of Arizona, sitting by designation.

1. Elliott asserts that the defendants' limitations defense is barred by the res judicata effect of the previous rulings in this case. The statute of limitations question was not previously ruled upon, however, and thus the principle of res judicata is inapplicable.

Elliott argues, nonetheless, that the limitations issue was "necessarily decided" by virtue of the district court's prior dismissal of his claim on the merits (this dismissal was reversed in an earlier unpublished decision). The statute of limitations is not jurisdictional, however, but an affirmative defense. *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir.1990). Therefore, it was not necessarily decided during the earlier proceedings. It was not raised until defendants filed their answer, and then it was ruled upon for the first time.

tions begins to run for a § 1983 action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991), *cert. denied,* ____ U.S. ____, 112 S.Ct. 1161, 117 L.Ed.2d 409 (1992). Specifically, in cases of the type before us, the claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Norco Construction, Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir.1986)). Accordingly, Elliott's cause of action accrued with his arrest on March 17, 1985.

■ Section 1983 does not contain its own limitations period, but the Supreme Court has held that the appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). In California this period is one year. Cal.Civ.Proc.Code § 340(3) (West Supp.1992). Although Elliott's cause of action accrued prior to the Court's decision in *Wilson,* the one-year period is still relevant to this action. In *Usher v. City of Los Angeles,* 828 F.2d 556, 558 (9th Cir.1987), we articulated a "uniform rule" governing *Wilson*'s retroactive effect, according to which the limitations period for Elliott's claim expired one year after *Wilson* was decided, that is, on April 17, 1986.

*A. Tolling Under § 352(a)(3)*

Elliott contends that the limitations period was tolled commencing with his arrest because from that moment on he was held in continuous custody awaiting trial. He also contends that the tolling continued both while he was awaiting trial and during the period he was serving his prison sentence.

State tolling statutes apply to § 1983 claims. *Hardin v. Straub,* 490 U.S. 536, 543–44, 109 S.Ct. 1998, 2002–03, 104 L.Ed.2d 582 (1989). Elliott therefore relies on Cal.Civ.Proc.Code § 352(a)(3), a disability provision that tolls the statute of limitations when a person is "[i]mprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life." However, § 352(a)(3) only tolls the statute of limitations if the disability existed at the time the claim accrued. *See* Cal.Civ.Proc.Code § 357 (West 1982). Because Elliott remained in police custody from the time of his arrest, when his excessive force claim accrued, until he was convicted and sent to prison, the critical issue is whether being continuously incarcerated prior to arraignment constitutes being "imprisoned on a criminal charge" within the meaning of the California disability statute.[2]

While neither this court nor the California courts have considered the California disability statute in this context,[3] we held in construing a nearly identical Washington statute that tolling was triggered by the individual's arrest and incarceration. *See Bianchi v. Bellingham Police Dept.,* 909 F.2d 1316, 1318 (9th Cir.1990). As a result, we concluded that a Washington inmate who had been "continuously imprisoned since his arrest" could benefit from tolling with respect to claims accruing during the arrest. *Id.* We find the reasoning of that case persuasive, and believe that the California Supreme Court would also, especially given the like wording of the Washington and California statutes.[4]

As the *Bianchi* court explained, the purpose of disability statutes would be ill-served

---

**2.** Although the words "imprisoned" might appear to refer to an actual prison, this reading of the statute would make it self-contradictory, since it refers to being held "on a criminal charge," i.e., prior to conviction. It is the second phrase, "in execution under sentence of a criminal court," that covers post-conviction incarceration, i.e., confinement in an actual prison. *See Mitchell v. Greenough,* 100 F.2d 184, 187 (9th Cir.1938) ("the phrase 'imprisonment on a criminal charge' refers to one who is ... not yet convicted"), *cert. denied,* 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056 (1939).

**3.** In the absence of controlling state precedent, we must decide this question as the California

Supreme Court would decide it. *See Clements v. Pasadena Finance Co.,* 376 F.2d 1005, 1006 (9th Cir.1967).

**4.** In *Krug v. Imbordino,* 896 F.2d at 397, in contrast, we ruled that the Arizona disability statute was not tolled for claims accruing during arrest because the plaintiff "was not imprisoned 'at the time the cause[s] of action accrue[d].' " 896 F.2d at 397 (quoting Ariz.Rev.Stat.Ann. § 12–502 (1982)). *Krug*s tolling analysis was cursory; moreover, it is not entirely clear whether the plaintiff in *Krug* had been continuously incarcerated. At any rate, since in construing the California statute we are not bound by our construction of the Arizona statute, since the

by creating an arbitrary distinction between pre- and post-arraignment incarceration. *Id.* Disability statutes are meant to "protect those who are incapable of protecting themselves," *id.* (quoting *Mitchell,* 100 F.2d at 187): they apply to prisoners in recognition of their more limited ability to investigate their claims, to contact lawyers and to avail themselves of the judicial process. *See Hawkins v. Justin,* 109 Mich.App. 743, 311 N.W.2d 465, 467 (1981) (interpreting disability statute and stating that "prisoners are more restricted than ordinary citizens.... [they have] restraints imposed by their confinement which place[ ] them at a disadvantage compared to ordinary citizens"); *Ortiz v. Lavallee,* 442 F.2d 912, 914 (2d Cir.1971).[5] A person held in police custody prior to arraignment is faced with the same limitations as someone in custody after arraignment. In light of this fact, we hold that "actual, uninterrupted incarceration is the touchstone" for assessing tolling under § 352(a)(3), which covers all post-arrest custody. *See Bianchi,* 909 F.2d at 1318.

### B. Uninterrupted Incarceration

 Relying on the *Bianchi* dissent, the defendants argue that because there are two phrases in the Washington disability statute—"imprisoned on a criminal charge" and "in execution under sentence of a criminal court"—only disjunctive tolling should be allowed. Under this view, there might be one

tolling for all detention prior to conviction, and another tolling for all post-conviction incarceration, but not a single continuous tolling. The defendants assert that tolling the statute of limitations for Elliott's entire period of incarceration amounts to tacking together two separate disabilities, like tacking tolling for minority together with tolling for insanity. We squarely rejected this argument in *Bianchi,* and we reject it again here.

In terms of limitations on the prisoner, continuous custody is the relevant disability. For tolling purposes, there is little difference between being incarcerated pre-arraignment, pre-conviction or post-conviction: none of these forms of custody affords the prisoner a change in status with regard to his disability. To hold that pre-conviction tolling does not continue post-conviction would be inconsistent with the policy behind the tolling statute. We therefore reject this reading of § 352(a)(3).

### CONCLUSION

We reverse the district court because, pursuant to Cal.Civ.Proc.Code § 352(a)(3), the statute of limitations applicable to Elliott's § 1983 action was tolled commencing at the time of his arrest and continuing through his custody.

**REVERSED and REMANDED.**

Washington statute more closely parallels the California provision, and since we find the reasoning of the *Bianchi* court far more persuasive than the summary analysis in *Krug,* we follow the *Bianchi* rationale here.

Moreover, we note that other circuits have construed similar state statutes and that the weight of authority supports tolling for pre-arraignment or pre-trial custody. *See Burrell v. Newsome,* 883 F.2d 416, 422 (5th Cir.1989) (Texas statute tolled because plaintiff "was apparently continuously in custody after the time of his arrest"); *Knox v. Cook County Sheriff's Police Dept.,* 866 F.2d 905, 907 (7th Cir.1988) (Illinois statute tolled for plaintiffs "imprisoned continuously from the time of their arrest") (following two Illinois federal district court decisions). Moreover, the rationale of *Jones v. City of Hamtramck,* 905 F.2d 908 (6th Cir.), *cert. denied,* 498 U.S. 903, 111 S.Ct. 265, 112 L.Ed.2d 222 (1990), the counterexample, is inapplicable to the statute here. The *Jones* court refused to toll the Michi-

gan statute when the plaintiff was "merely under arrest" at time his claim accrued, reasoning that a pretrial detainee is not "imprisoned" within the literal meaning of the term. 905 F.2d at 909. However, pre-trial detainees clearly are "imprisoned" within the meaning of the California statute (*see* discussion *supra* note 2); the question is whether pre-arraignment detainees are any less so. The "literal meaning" of imprisonment gives no assistance here. *Cf. Austin v. Brammer,* 555 F.2d 142, 143 (6th Cir.1977) (Ohio disability statute providing for tolling when plaintiff is "imprisoned" covers plaintiff who was continuously "in custody either in the county jail or in the Ohio correctional system").

5. The California courts have similarly construed § 352(a)(3) with regard to the restrictions imposed on persons in custody. *See Deutch v. Hoffman,* 165 Cal.App.3d 152, 211 Cal.Rptr. 319, 321 (1985) (no tolling for parolee because the restrictions imposed by parole do not "significantly impair[ ] his ability to enforce his claim").