37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eric Vongrastic LOGAN, Plaintiff-Appellant,
v.
CITY OF SAN DIEGO; Two Unknown Police Officers; San Diego
Police Department, Defendants-Appellees.
 No. 94-55141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Vongrastic Logan appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. Secs. 1983 and 1985(3) civil rights action against the City of San Diego, two unknown Police Officers and the San Diego Police Department ("defendants"). Logan alleged that police officers violated his First, Fourth, Fifth and Fourteenth Amendment rights by using excessive force during the course of his arrest. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 We review de novo the district court's rulings on the appropriate statute of limitations. Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 585 (9th Cir.1993), cert. denied, 114 S.Ct. 1049 (1994). When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980).
 
 
 4
 In his complaint, Logan alleged that on March 18, 1991, San Diego police officers used excessive force during the course of his arrest and that he sustained severe injuries as a result. Logan also alleged that the police officers' actions were racially motivated because Logan is African-American. On May 21, 1993, more than two years after the incident allegedly occurred, Logan filed this action.
 
 
 5
 Logan contends that the district court erred by dismissing his action as time-barred. Logan argues that Cal.Civ.Proc.Code Sec. 352(a)(3) tolled the statute of limitations on his action because he was "imprisoned" at the time his cause of action accrued.
 
 
 6
 It is well-established that the statute of limitations on actions brought under 42 U.S.C. Secs. 1983 and 1985 is governed by the applicable state statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 276 (1985) (section 1983 actions); McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir.1991) (section 1985(3) actions). Under California law, a personal injury action must be brought within one year from the time the cause of action accrues. See Cal.Civ.Proc.Code Sec. 340(3). "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a Sec. 1983 action." Elliot v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994). Where a plaintiff alleges the use of excessive force in violation of his Fourth Amendment rights, "the claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.' " Id. at 802. (quoting Norco Constr., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir.1986). Accordingly, Logan's action accrued with his arrest on March 18, 1991.
 
 
 7
 We look to state law to determine the application of tolling doctrines. Id. In California, if an individual is imprisoned on a criminal charge at the time the cause of action accrued, "the time of such disability is not part of the time limited for the commencement of the action." See Cal.Civ.Proc.Code Sec. 352(a)(3). In examining whether the statute of limitations has been tolled under section 352(a)(3), "continuous custody is the relevant disability." Elliot, 25 F.3d at 803. " 'Actual uninterrupted incarceration is the touchstone' for assessing tolling under Sec. 352(a)(3), which covers all post-arrest custody." Id. (quoting Bianchi v. Bellingham Police Dept., 909 F.2d 1316, 1318 (9th Cir.1990)). Section 352(a)(3), however, is not the only tolling provision under California law. Cal.Gov't Code Sec. 945.3 also establishes a tolling provision.[1] Under section 945.3, an individual who is charged with a crime is prohibited from bringing a civil action against a peace officer or the public entity employing the peace officer for the peace officer's conduct relating to the offense for which the accused is charged while the charges are still pending. See Cal.Gov't Code Sec. 945.3. The statute of limitations therefore is tolled during the period of time the charges are pending. See id; Harding v. Galceran, 889 F.2d 906, 909 (9th Cir.1989), cert. denied, 498 U.S. 1082 (1990). While section 945.3 does not prohibit a plaintiff from bringing a section 1983 action while charges are pending against him, the tolling provision applies to toll the limitations period applicable to such an action. Id.
 
 
 8
 In their moving papers, defendants argued that Logan's action was time-barred because he commenced it more than one year after his cause of action accrued. In his opposition, Logan argued that the statute of limitations on his action was tolled because he was incarcerated. Logan claimed that he was "released from Grossmont hospital, under federal custody on July 2, 1991, and appeared before the federal Magistrate on July 7, 1991 and then [was] placed in the custody and care of the United States Department of Justice, the United States Marshal Service, and United States Pretrial Officers." Logan also claimed that "since that time, until this date [I] have been in the custody of the Federal Government, awaiting appeal of [my] conviction."
 
 
 9
 While the district court did not state in its order on what grounds it determined that Logan's action was untimely, it noted at the hearing on the motion to dismiss that section 352(a)(3) "does not apply unless the plaintiff is actually in prison at the time the cause of action arises." The district court, however, did not consider whether Logan was in custody immediately following his arrest. Additionally, it appears that neither the court nor the parties considered whether Cal.Gov't Code Sec. 945.3 is applicable here, and the record does not reflect whether section 945.3 has tolled the statute of limitations on Logan's action. Therefore, we vacate the district court's dismissal and remand for those considerations.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cal.Gov't Code Sec. 945.3 provides in relevant part that:
 [n]o person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, ... while the charges against the accused are pending before a justice, municipal, or superior court. Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a justice, municipal, or superior court.