54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alberto G. DIAZ, Plaintiff-Appellant,
v.
Lonnie M. CARLSON, Defendant-Appellee.
 No. 94-55372.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 IN PART, VACATED AND REMANDED IN PART.
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alberto G. Diaz appeals pro se the district court's denial of his motion to proceed in forma pauperis ("IFP") and dismissal of his civil rights action prior to issuance and service of process. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm, in part, and vacate and remand, in part.
 
 
 3
 A district court may dismiss an action prior to issuance and service of process if the action is frivolous. See 28 U.S.C. Sec. 1915(d).
 
 
 4
 We review a section 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). "[A] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (citation omitted). A complaint is frivolous where it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). "A complaint filed in forma pauperis is not automatically frivolous within the meaning of section 1915(d) because it fails to state a claim." Id. at 331.
 
 
 5
 Moreover, in pro se civil rights cases, the court must liberally construe the pleadings and afford the pro se plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (quotations omitted); see also Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).
 
 
 6
 Here, in its order denying Diaz's motion to proceed IFP, the district court adopted the magistrate judge's handwritten, margin notes recommending that permission to proceed IFP be denied because of the following deficiencies in Diaz's complaint:
 
 
 7
 1. Plaintiff seeks review of state court decisions (see Complaint at 3). A federal district court does not have authority to review a state court decision; review of state court decisions may only be conducted by the U.S. Supreme Court.
 
 
 8
 2. Statute of limitations issue.
 
 
 9
 As an initial matter, we observe that the "statute of limitations is not jurisdictional," but rather is an affirmative defense. Elliot v. City of Union City, 25 F.3d 800, 801 n.1 (9th Cir. 1994). Thus, the issue is waived if not raised in the defendant's answer. See Fed. R. Civ. P. 8(c); Roberts v. College of the Desert, 870 F.2d 1411, 1414 (9th Cir. 1988). Accordingly, as an affirmative defense, the issue is not ripe until an answer is filed by the defendant. See id.
 
 
 10
 Turning to the merits, to the extent Diaz's claim seeks federal review of a state court decisions, the district court was correct that such review lies with the United States Supreme Court. Liberally construed, however, Diaz's complaint also appears to allege that state officials, acting under color of law, deprived him of constitutional and federally-created rights. See generally Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986) (discussing elements for section 1983 claim). Specifically, Diaz alleges that the defendants deprived him of SSI/SSP benefits without due process when the state obtained reimbursement, without Diaz's consent, for "public assistance payments" received by Diaz before his SSI/SSP application was approved. Diaz also appears to allege that the defendants fabricated evidence to support their claim and that the reimbursement of the funds violates the federal statutes which protect Social Security funds from attachment. See 42 U.S.C. Secs. 407, 1383(g).
 
 
 11
 Given these circumstances, Diaz's complaint may have an arguable basis in law or in fact. See Neitzke, 490 U.S. at 324. Accordingly, the district court should have notified Diaz of the deficiencies in his complaint and given him an opportunity to amend before dismissing his action prior to service of process. See Neitzke, 490 U.S. at 324; Noll, 809 F.2d at 1448; see also Boag, 454 U.S. at 365 (district court should fully explain grounds for section 1915(d) dismissals to facilitate intelligent appellate review).
 
 
 12
 AFFIRMED, in part, and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3