59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard BOWEN, Plaintiff-Appellant,
v.
Phil ROGERS; Len Smith; John Cook, Joseph McNamara,
Defendants-Appellees.
 No. 94-15457.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Bowen, a California state prisoner, appeals pro se the district court's dismissal for failure to state a claim of his 42 U.S.C. Sec. 1983 civil rights action against Phil Rogers, Len Smith, John Cook and Joseph McNamara ("defendants") alleging that the defendants violated his Fourth Amendment rights by conducting an illegal search and seizure. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 585 (9th Cir.1993), cert. denied, 114 S.Ct. 1049 (1994), and we affirm.
 
 
 3
 Bowen contends that the district court erred by dismissing his action as time-barred. This contention lacks merit.
 
 
 4
 It is well-settled that federal law determines when a cause of action accrues under section 1983, Elliot v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994), and that an action for a Fourth Amendment violation accrues on the date of the illegal search and seizure. See Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983) (per curiam) (stating that where illegal search and seizure is alleged the cause of action accrues when the wrongful act occurs). Here, Bowen's verified complaint alleged that the illegal search and seizure occurred on January 6, 1983. Thus, contrary to Bowen's contention, his cause of action accrued on that date. See Elliot, 25 F.3d at 801-02; Venegas, 704 F.2d at 1146.
 
 
 5
 To the extent that Bowen contends that his action is not time-barred because Cal.Govt.Code Sec. 945.3 tolled the statute of limitations on his action, we reject this contention. Although the statute of limitations on Bowen's action was tolled by Cal.Govt.Code Sec. 945.3 while criminal charges were pending against him, the statute began to run when he was convicted on August 22, 1985. See Cal.Govt.Code Sec. 945.3; McAlpine v. Alameda Co. Superior Court, 257 Cal.Rptr. 32, 33 (1989) (stating that charges are "pending" only until the date of judgment and conviction). Because Bowen filed this action on February 10, 1990, over four years after he was convicted, the district court properly dismissed Bowen's action because it was time-barred. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987); Cal.Govt.Code Sec. 945.3.
 
 
 6
 To the extent that Bowen contends that Cal.Civ.Proc.Code Sec. 352(a)(3) tolled the statute of limitations on his action, we reject this contention. Bowen's complaint alleged that he "was not in state custody when defendants illegal acts took place." Because Cal.Civ.Proc.Code Sec. 352(a)(3) only tolls the statute of limitations if a plaintiff is "[i]mprisoned on a criminal charge" at the time the cause of action accrued, Bowen cannot benefit from this statute.[1] See Cal.Civ.Proc.Code Sec. 352(a)(3); Elliot, 25 F.3d at 803.
 
 
 7
 Accordingly, we affirm the district court's dismissal of Bowden's action.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if Bowen were in custody at the time of the alleged wrongful search and seizure, his subsequent release on bail rendered section 352 inapplicable. See Cal.Civ.Proc. Sec. 352(a)(3); Elliot, 25 F.3d at 803 (holding that actual, uninterrupted incarceration is the touchstone for assessing tolling under section 352(a)(3))
 
 
 [2]
 We decline to address Bowen's contention that a "discovery rule" operates to save his action because he failed to raise this issue below. See Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir1989). Although Bowen claims that he raised this issue in his opposition to defendants' motion to dismiss, a review of the record reveals that Bowen never filed an opposition motion