95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnnie Ray MAHON, aka: Johnnie R. Mahon; aka: Johnny Ray
Mahon, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Los Angeles Police Department; John
Doe, Director, individually & in his or her official
capacity; John Doe, Jail Commander, individually & in his
or her official capacity; Unknown Purdy, Detective;
Unknown Detective; Johnnie Chamness, Sargent in his
official capacity; City of Hollywood; Hollywood Police
Department; John Doe, Director individually & in his or her
official capacity; County of Los Angeles; Does 1-20; Eric
Nmi Lavine, in his official capacity; unknown Detective,
Defendants-Appellees.
 No. 95-55460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Johnnie Ray Mahon appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated in connection with his arrest and subsequent incarceration. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.
 
 
 3
 In his complaint, Mahon alleged that (1) evidence was illegally obtained from him on March 7, 1992, (2) defendants conspired to violate his constitutional rights, (3) he was subjected to an illegal search and seizure on March 28, 1992, (4) a probable cause hearing was not held within 48 hours of his arrest, and (5) the conditions of his pretrial confinement violated his constitutional rights. After providing Mahon with three opportunities to amend his complaint, the district court dismissed the conspiracy claim for lack of specificity, the conditions of confinement claim for failure to comply with Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978), and the remainder of his claims as time-barred.
 
 
 4
 Mahon contends that the district court erred by dismissing his claims as time-barred. We review de novo a district court's dismissal of an action on statute of limitations grounds. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 498 U.S. 1082 (1991).
 
 
 5
 The applicable statute of limitations for section 1983 claims is the limitations period for personal injury causes of action under California state law. See Taylor v. Regents of University of California, 993 F.2d 710, 711 (9th Cir.1993), cert. denied, 114 S.Ct. 890 (1994). California's applicable statute of limitations is one year. See Cal.Civ.Proc.Code § 340(3) (West 1982); Taylor, 993 F.2d at 711.
 
 
 6
 Federal law determines when a cause of action accrues under section 1983. Elliot v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994). A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Id. State law determines the application of tolling doctrines. See id. at 802.
 
 
 7
 Mahon filed his complaint on July 18, 1994, more than one year after he knew of the alleged injurious conduct which is the basis of his action. Thus, his claims would be barred by the statute of limitations, absent tolling of the statute. See id.; Taylor, 993 F.2d at 711.
 
 
 8
 In California, the statute of limitations is tolled by Cal.Gov't. Code § 945.3 while criminal charges are pending. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995). Under section 945.3, "criminal charges are 'pending' until the date of judgment." Id. (quoting McAlpine v. Superior Court, 257 Cal.Rptr. 32, 33 (Cal.Ct.App.1989)). Mahon was convicted on January 13, 1993. Because Mahon filed his complaint more than one year after the date of his conviction, his claims were not rendered timely by operation of section 945.3.
 
 
 9
 Mahon contends, however, that because he was in continuous custody following his arrest, the limitations period was tolled by former Cal.Civ.Proc.Code § 352(a)(3).[1] In Elliot, 25 F.3d 800, we held that section 352(a)(3) tolls the statute of limitations when a plaintiff, suing under section 1983 to recover injuries suffered during an arrest, is held in continuous custody from the time of that arrest through the period of incarceration following his conviction. Id. at 802-03. Because Mahon was in continuous custody from the time of his arrest through the period of incarceration following his conviction, section 352(a)(3) tolls the statute of limitations for Mahon's illegal search and seizure claim and his untimely probable cause hearing claim. See id. Accordingly, we reverse and remand these claims.
 
 
 10
 We affirm the dismissal of Mahon's conspiracy and conditions of confinement claims for the reasons stated by the district court.
 
 
 11
 The parties shall bear their own costs.
 
 
 12
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Former Cal.Civ.Pro.Code § 352(a)(3) provides that if an individual is imprisoned on a criminal charge at the time the cause of action accrued, "the time of such disability is not part of the time limited for the commencement of the action." Cal.Civ.Pro.Code § 352(a)(3) (West 1982)