110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edgar Orlando MENJIVAR, Plaintiff-Appellant,
v.
CITY OF SANTA MONICA; James T. Butts; Officer Wiles (First
Name Unknown), Defendants-Appellees.
 No. 95-56702.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided March 25, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-04242-R; Manuel L. Real, Chief District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, REVERSED IN PART.
 Before: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edgar Orlando Menjivar ("Menjivar") timely appeals the district court's grant of summary judgment in favor of the defendants on Menjivar's claim under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.
 
 ANALYSIS
 
 3
 We review the district court's summary judgment order de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to Menjivar, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi, 84 F.3d at 1197.
 
 
 4
 A. Liability of Officer Wiles and Unidentified Officers
 
 
 5
 "When a law enforcement officer asserts qualified immunity from liability [under § 1983], the district court must determine whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." Act Up!/ Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). We recently noted that "no particularized case law is necessary for a deputy to know that excessive force has been used when a deputy sics a canine on a handcuffed arrestee who has fully surrendered and is completely under control." Mendoza v. Block, 27 F.3d 1357, 1362 (9th Cir.1994). Accepting Menjivar's deposition testimony as true, as we must, no reasonable police officer could have believed that it was lawful to kick Menjivar or sic a canine on him as he was lying on his stomach with his hands cuffed behind his back. Even when the allegation appears improbable, it must be treated as true, if sufficient to raise a genuine issue of material fact. The district court therefore committed error by concluding that Officer Wiles was entitled to qualified immunity as a matter of law.
 
 B. Municipal Liability
 
 6
 Municipalities can be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," causes the injury. Monell v. Department of Soc. Servs., 436 U.S. 658, 693 (1978). Menjivar may assert the liability of the City of Santa Monica by demonstrating that "a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir.1992) (quotations and citations omitted), cert. denied, 510 U.S. 932 (1993).
 
 
 7
 A municipality can also be liable under § 1983 for inadequately training its police officers. City of Canton v. Harris, 489 U.S. 378, 388 (1989). In City of Canton, the Supreme Court held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. (footnote omitted). The Court provided the following illustration:
 
 
 8
 For example, city policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons. The city has armed its officers with firearms, in part to allow them to accomplish this task. Thus, the need to train officers in the constitutional limitations on the use of deadly force ... can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights.
 
 
 9
 Id. at 390 n. 10 (citation omitted).
 
 
 10
 Menjivar provided to the district court, through the declaration of VanNess Bogardus III, evidence that Santa Monica police officers were inadequately trained as to the severity of the force delivered by canines in relation to the use of baton strikes to secure an arrest. There is, however, no evidence of a causal connection between this inadequacy and the injury complained of here (siccing a canine on a handcuffed suspect). There is no evidence that Santa Monica police officers were trained to sic their canines on suspects who were lying on the ground with their hands cuffed or that their training was so inadequate that they would believe such conduct was proper. Therefore, the City of Santa Monica was entitled to summary judgment.
 
 
 11
 C. Liability of Chief of Police James T. Butts
 
 
 12
 Because Menjivar offered no admissible evidence that the City of Santa Monica maintains a policy of inadequately training its police officers to sic their canines on suspects who are handcuffed and secure or that Santa Monica police officers customarily use excessive force in apprehending suspects, the district court correctly concluded that Chief of Police James T. Butts was entitled to summary judgment.
 
 D. Statute of Limitations
 
 13
 The defendants do not raise the statute of limitations on appeal. However, because the district court concluded that Menjivar's complaint was not timely filed and Menjivar discusses the issue in his appellate brief, we will address the issue.
 
 
 14
 The statute of limitations for § 1983 claims in California is one year. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). However, the statute of limitations for a plaintiff's § 1983 claims for injuries suffered during an arrest is tolled by Cal.Civ.P.Code § 352(a)(3) so long as the plaintiff is held in continuous custody from the time of that arrest until his release. Elliott v. City of Union City, 25 F.3d 800, 801, 803 (9th Cir.1994).
 
 
 15
 Menjivar was arrested on December 12, 1991. Due to his subsequent conviction for armed robbery, he was in a California prison until April 1993. Menjivar filed this § 1983 claim for injuries sustained during his arrest on January 11, 1993. The district court committed error by concluding, at least on this record, that Menjivar's complaint was not timely filed.
 
 CONCLUSION
 
 16
 We AFFIRM the district court's grant of summary judgment to the City of Santa Monica and Chief of Police James T. Butts. Because Menjivar presented sufficient evidence to the district court to defeat summary judgment as to Officer Wiles, however, we REVERSE the district court's grant of summary judgment as to that defendant and REMAND for further proceedings. If Menjivar is successful in identifying any of the other officers who were at the scene and allegedly kicked him after he was handcuffed, those officers will likewise not be entitled to qualified immunity.
 
 
 17
 AFFIRMED in part; REVERSED AND REMANDED in part. No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3