122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juliet D. BARSCH, Plaintiff,
and
Edward A. Barsch, Plaintiff-Appellant,
v.
Joseph BRANN, Police Chief; Michael O'Toole; Debra
Margolis; Lloyd Meyers; P. Ribera; Lindblom; Tabke; R.
Rushworth; J. Martinez; R. McKee; R. Santos; S.
Richardson; Myron Dorn; Ronald M. Sabraw, Defendants-Appellees.
 No. 97-15064.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 Appeal from the United States District Court for the Northern District of California. Marilyn H. Patel, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward A. Barsch appeals pro se[1] the district court's dismissal of his 42 U.S.C. § 1983 action alleging that various police officers from the City of Hayward violated his civil rights when in response to a 911 call from Barsch's wife, Juliet Barsch, they conducted a warrantless search of Barsch's residence and arrested Barsch. Barsch also alleged that defendant Ronald M. Sabraw, a superior court judge, violated his civil rights when he ordered the destruction of a handgun, registered to Juliet Barsch, recovered one day after the incident. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. May 1, 1996 order
 
 3
 The district court did not err by dismissing defendant Joseph Brann, former Chief of Police for the City of Hayward, because he was never properly served with Barsch's summons and complaint. See Fed.R.Civ.P. 4(m), 12(b)(5).
 
 
 4
 With respect to Barsch's contention that his Second Amendment right to bear arms was violated, the district court did not err by dismissing this claim for lack of standing. See Hickman v. Block, 81 F.3d 98, 101 (9th Cir.), cert. denied, 117 S.Ct. 276 (1996) ("[T]he Second Amendment is a right held by the states, and does not protect the possession of a weapon by a private citizen.").
 
 
 5
 The district court also did not err by dismissing Barsch's due process claims alleging that he was improperly denied the return of the handgun. Barsch was provided the opportunity to appear in state court to argue against the confiscation of the handgun. See United States v. Yochum (In re Yochum), 89 F.3d 661, 672 (9th Cir.1996).
 
 B. December 6, 1996 order
 
 6
 Barsch's cause of action arose on January 26, 1993, the date the police officers entered his residence, conducted their search, and arrested Barsch. The applicable statute of limitations in California is one year. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994). Barsch did not file his complaint until July 11, 1995. The district court did not err by dismissing Barsch's remaining claims as time-barred.
 
 C. Bias
 
 7
 We reject Barsch's contention that the district court was biased. See Liteky v. United States, 510 U.S. 540, 555 (1994).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Barsch is proceeding pro se, he has no authority to represent the legal interest of others. See Cato v. United States, 70 F.3d 1103, 1105 n. 1 (9th Cir.1995). Furthermore, because Barsch's wife, Juliet Barsch, did not sign the complaint, we conclude that she was not a party before the district court. See id.; see also Fed.R.Civ.P. 3, 11. Thus, Juliet Barsch is not a party to this appeal. See Fed. R.App. P. 3
 
 
 [2]
 To the extent Barsch contends that the district court should have granted him leave to amend his complaint, the district court did not err because amendment would be futile. See Franklin v. Murphy, 745 F.2d 1221, 1228 n. 9 (9th Cir.1984)