129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. FINK, Plaintiff-Appellant,
v.
BUENA PARK POLICE DEPARTMENT; Richard Tefank; One Unknown
Detective, Defendant-Appellees.
 No. 96-55682.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-96-02557-WMB (VAP); William Matthew Byrne, Jr., District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Former California state prisoner David M. Fink appeals pro se the district court's denial of his motion to proceed in forma pauperis. We affirm.
 
 
 3
 The district court's denial of leave to proceed in forma pauperis is reviewed for an abuse of discretion. See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). "Under the abuse of discretion standard, a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment or acted in an arbitrary fashion unjustified by the situation and the circumstances of the case." Id.
 
 
 4
 A district court may deny leave to proceed in forma pauperis where "it appears from the face of the complaint that the action is frivolous or without merit." Id. (quoting Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987)). The district court denied Fink's application to proceed in forma pauperis on the ground that his claims were wholly frivolous and could not be amended to state a federal claim. Specifically, the court's order indicated that Fink's § 1983 claims were "clearly barred by the statute of limitations." The district court did not err in determining that Fink's claims were time-barred under California's one-year statute of limitations for personal injury actions. See Taylor v. Regents of Univ. of California, 993 F.2d 710, 711 (9th Cir.1993) (California's one-year statute of limitations governs claims brought pursuant to 42 U.S.C. § 1983).
 
 
 5
 The alleged illegal seizure of Fink's property occurred on June 17, 1987, and Fink was notified of the disposal of his property no later than July 1993. Thus, the one-year statute of limitations on Fink's claims of illegal seizure and appropriation of his property had expired before he sought leave to file the present complaint on April 10, 1996. Fink argues that his claims are not time-barred because the statute of limitations was tolled under California Code of Civil Procedure § 352(a)(3) between January 1989, when Fink was incarcerated on burglary charges, through September 28, 1994, when § 352(a)(3) was amended to eliminate tolling for incarcerated persons. Fink further contends that the statute of limitations on his § 1983 claim for unlawful appropriation was tolled from October 18, 1994, when Fink filed a mandamus petition in state court, until November 23, 1994, when the denial of this petition became final.
 
 
 6
 While Fink is correct that California's tolling statute applies to his § 1983 claims, see Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994), this tolling cannot save Fink's § 1983 claim for the allegedly illegal 1987 seizure as the statute of limitations on this claim had expired before the date of his incarceration. Nor can the tolling save Fink's § 1983 claim for unlawful appropriation of his property for, even assuming the tolling periods asserted by Fink, the complaint lodged by Fink on April 10, 1996, fell outside of the statutory period.
 
 
 7
 Because Fink's claims are plainly time-barred, we hold that the district court did not abuse its discretion in denying Fink leave to file his complaint in forma pauperis.[1] We further deny Fink's request for oral argument.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Fink's other challenges, including those related to library access, are not properly raised on appeal from the district court's denial of Fink's application to proceed in forma pauperis. Whether or not these challenges could have been properly raised in an appeal from the court's February 26, 1996, judgment dismissing Fink's previous complaint, Fink did not file a timely appeal from that judgment