**Wesley Wade HUNTER,
Plaintiff–Appellant,**

v.

**MEYER, Deputy; et al., Defendants–
Appellees.**

**No. 02–55708.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 21, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Wesley Wade Hunter, a California state prisoner, appeals pro se the district court's judgment dismissing as untimely his 42 U.S.C. § 1983 action alleging excessive force and harassment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's judgment dismissing on statute of limitations grounds, *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir.1999), and we affirm.

Hunter filed this action in July 2000, alleging prison officials beat and harassed him in August 1996.[1] The district court properly dismissed Hunter's claims against prison officials as untimely because Hunter filed his claims more than three years after he knew of his injury. *See id.* at 1188–89 (applying a one-year statute of limitations to 42 U.S.C. § 1983 actions in California); *Elliott v. City of Union City*, 25 F.3d 800, 802–03 (9th Cir.1994) (holding a cause of action accrues when plaintiff has reason to know of his injury); Cal.Code. Civ. Proc. § 352.1 (tolling statute of limita-

tions for two years where plaintiff incarcerated for a term less than life).

Hunter also alleged police officers used excessive force in arresting him for robbery in July 1996. Hunter was later convicted of robbery and sentenced in January 1998. The district court properly dismissed Hunter's claims against the police officers because Hunter did not file the claims until more than a year after he was sentenced. *See Ellis*, 176 F.3d at 1188–89; Cal. Gov't Code § 945.3. (tolling the statute of limitations while criminal charges are pending); *see also* Cal.Code. Civ. Proc. § 352.1 (tolling limited to two years where plaintiff incarcerated).

We grant appellees' motion to strike the documents attached to Hunter's opening brief because these documents dated April 3, 2002, and April 12, 2002, were not accepted for filing by the district court and therefore are not part of the record on appeal. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 684 n. 1 (9th Cir. 1993).

Contrary to Hunter's contention, the district court responded appropriately to his requests for various documents, including court rules and copies of the district court docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.2002). Furthermore, the district court did not abuse its discretion by denying Hunter's motion for appointment of counsel because Hunter failed to show exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Hunter's requests for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In his second amended complaint, Hunter alleged that the harassment continued until he was transferred on February 2, 1998, but failed to allege specific incidents after August 1996. *See Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir.1986) (holding vague and conclusory allegations insufficient to bring a cause of action within the statute of limitations).

We deny all pending motions.

**AFFIRMED.**