MEMORANDUM**
John Tjoelker appeals the district court’s judgment dismissing his action alleging violations of 42 U.S.C. §§ 1983 and 1985, and California law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.1999). We affirm.
The district court correctly held that it lacked federal jurisdiction to award injunctive or declaratory relief from decisions of the state court. See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir.2001); Thompson v. *126 Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986).
The district court properly found that the Eleventh Amendment barred Tjoelker’s claims against the State of California and state employees acting in their official capacities. See Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir.1991).
The judge defendants are entitled to absolute immunity for the actions alleged in the complaint. See Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986).
The due process claims brought against the state employees in their individual capacities and the Sonoma County Department of Child Protective Services were properly dismissed because failure to investigate a claim of child abuse does not state a due process violation. See DeShaney v. Winnebago County Dep’t of Soc. Servs., 489 U.S. 189, 197, 201-02, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).
The actions alleged against the remaining Sonoma County Defendants are barred by the applicable one-year statute of limitations. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994).
The claims against the remaining defendants were properly dismissed because Tjoelker failed to demonstrate that they were state actors for purposes of section 1983. See Kirtley v. Rainey, 326 F.3d 1088, 1093-94 (9th Cir.2003); Radclijfe v. Rainbow Constr. Co., 254 F.3d 772, 783 (9th Cir.2001).
The claims under 42 U.S.C. § 1985 were properly dismissed because “the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.” See Caldeira v. County of Kauai, 866 F.2d 1175, 1181 (9th Cir.1989).
The district court acted within its discretion in dismissing the state law claims without prejudice. See Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir.1992).
We have not considered the claims Tjoelker brought on behalf of his minor son because the minor son’s counsel filed a document with this court stating that he “does not appeal the district court’s dismissal of the Minor’s action without prejudice.”
We grant the motion to take judicial notice of the materials that Tjoelker submitted to the United States Bankruptcy Court in the Northern District of California.
We reject the remaining contentions as lacking merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.