James LI, Plaintiff–Appellant,

v.

COUNTY OF SAN DIEGO; et al., Defendants–Appellees.

No. 06–56604.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 12, 2007.

James Li, Buena Park, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William H. Songer, Office of the County Counsel, San Diego, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Attorney James Li appeals pro se from the district court's order dismissing as time-barred his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on statute of limitations grounds, *Ellis v. City of San Diego,* 176 F.3d 1183, 1188 (9th Cir.1999), and we affirm.

The district court properly dismissed Li's action as untimely because he filed it more than nine years after his claims accrued. *See Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir.2004) (a section 1983 action filed in California is governed by California's two-year statute of limitations for personal injury actions); *Elliott v. City of Union City,* 25 F.3d 800, 801–02 (9th Cir. 1994) (A claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action.").

Li's contention that the district court should have applied equitable tolling because he was not aware of the basis of his claims due to defendants' fraudulent concealment is unpersuasive, because Li failed to adequately allege any acts on the part of defendants to prevent him from detecting the facts sufficient to support bringing

his claims on a timely basis. *See Gibson v. United States,* 781 F.2d 1334, 1344–45 (9th Cir.1986).

Contrary to Li's contention, the district court did not abuse its discretion by dismissing his complaint without leave to amend, because further amendment would have been futile. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

