**Ramzi BADWI, Plaintiff—Appellant,**

v.

**Robert JOHNSON, Dr., Chief Medical Officer; et al., Defendants— Appellees.**

No. 05–55834.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 7, 2008.

Ramzi Badwi, Soledad, CA, pro se.

John S. Harrell, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

MEMORANDUM **

California state prisoner Ramzi Badwi appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment because even when given the benefit of tolling while exhausting ad-

ministrative remedies, Badwi failed to file his complaint for denial of medical care within the one-year statute of limitations. *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir.2003) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions."); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir.1994) (holding that Cal. Civ. P.Code § 340(3) limits personal injury actions, and thus 42 U.S.C. § 1983 claims, to one year); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999) ("A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action.").

The district court did not abuse its discretion by denying Badwi leave to amend his complaint because amendment would have been futile. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n. 20 (9th Cir. 2003) (denying leave to amend complaint where amendment would be futile because statute of limitations had run).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.