Henry M. **MITCHELL**, Jr., aka Henry Hayes, Plaintiff—Appellant,

v.

**CITY OF LOS ANGELES; et al.,**
Defendants—Appellees.

No. 07–56155.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

Henry M. Mitchell, Jr., Susanville, CA, pro se.

Blithe Smith Bock, Janet Bogigian, Esquire, Assistant City, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Henry M. Mitchell, Jr., appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action as untimely. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir.2002), and we affirm.

The district court properly dismissed Mitchell's complaint because he failed to file his action within the governing statute of limitations. *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir.2003) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions."); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994) (explaining that the statute of limitations for personal injury actions in California was one year); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir.1998) (holding that, as a general rule, an excessive force claim under § 1983 accrues on the date that the force occurs).

Mitchell's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.