NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD B. SHAMBURGER, | No. 09-15854 |
| Plaintiff - Appellant, | D.C. No. 3:07-CV-04597-JSW |
| v. | |
| R. KIRKLAND; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

California state prisoner Harold B. Shamburger appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging claims for

retaliation and various constitutional violations stemming from his placement and

continuing confinement in administrative segregation because of his validation as a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

prison gang member. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and we affirm.

The district court properly dismissed Shamburger's retaliation claim and his Eighth Amendment claim challenging the conditions of his confinement because he did not exhaust his administrative remedies with regard to these claims. *See Woodford v. Ngo*, 548 U.S. 81 (2006) (Prison Litigation Reform Act requires prisoners to exhaust administrative remedies prior to bringing suit).

The district court properly granted summary judgment on Shamburger's due process claim challenging his initial placement in administrative segregation as time-barred. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (California personal injury statute of limitations applies to section 1983 actions); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994) (under California law, statute of limitations tolled for two years for prisoners).

The district court properly granted summary judgment on Shamburger's claim that his revalidation as an active member of the Black Guerrilla Family prison gang in 2006 violated his due process rights, because the revalidation was based on "some evidence." *See Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (prison gang validation proceeding subject to "some evidence" standard).

Shamburger's remaining contentions are unpersuasive.

We construe Shamburger's motion for judicial notice as citations to supplemental authorities. *See* Fed. R. App. P. 28(j).

**AFFIRMED.**